### CORA V. TERRYLL v. CITY OF FARIBAULT.[1]

November 8, 1901.

Nos. 12,780—(113).

**Decision on Former Appeal.**

A former decision in this case (81 Minn. 519) with respect to the sufficiency of the notice of a claim for damages given pursuant to Laws 1897, c. 248, followed.

**Personal Injury—Notice of Claim—Amount.**

In an action against a city or village for damages for injuries caused by a defective street, the injured party is not limited in his recovery to the amount claimed in his notice, given pursuant to Laws 1897, c. 248. While that statute requires the notice to contain a specification of the compensation claimed, the injured party is not concluded by the amount stated therein, but may recover his actual damages.

Appeal by defendant from an order of the district court for Rice county, Buckham, J., denying a motion for judgment in its favor notwithstanding the verdict or for a new trial. Affirmed.

*Thomas H. Quinn*, for appellant.

*Batchelder & Batchelder*, for respondent.

BROWN, J.

This action was brought to recover damages for personal injuries alleged to have been caused by the defective condition of a sidewalk in defendant city. Plaintiff had a verdict in the court below, and defendant appealed from an order denying a new trial.

[1] Reported in 87 N. W. 917.

Two questions are presented for consideration: (1) Whether the notice or claim for damages served upon the city pursuant to the provisions of Laws 1897, c. 248, was sufficient; and (2) whether plaintiff is concluded with respect to the amount of recovery by the sum claimed in such notice.

The case was here on a former appeal, and the notice of claim for damages was then held sufficient. 81 Minn. 519, 84 N. W. 458. That decision, whether right or wrong, must be treated as the law of the case, and the question cannot be re-examined at this time.

Chapter 248, supra, provides that before any city or village in this state shall be liable to any person for damages for or on account of any injury alleged to have been received or suffered by reason of any defect in any bridge, street, road, or sidewalk, the person so alleged to have been injured, or some one in his behalf, shall give to the city or village council, within thirty days after the injury, notice thereof, and shall present his claim for compensation to such council, stating therein when and where, and the circumstances under which, he was injured, and the amount of compensation demanded. By the notice served in this case plaintiff claimed the sum of five hundred dollars as compensation for her injuries, but subsequently brought her action to recover one thousand dollars. The trial court was requested to instruct the jury that she was limited to the amount claimed in the notice, and could recover no more. The instruction was refused, and the refusal is assigned as error.

We are of opinion that the learned trial court was right, and that plaintiff was not limited in her recovery to the amount claimed in the notice. The object and purpose of the statute requiring the notice to be given is to furnish information to the municipal authorities of the happening of the accident, and that a claim for damages is made therefor, to enable the authorities to make timely investigation into the cause of the accident, the nature and extent of the injuries claimed to have been received, and, if the municipality be found liable, to make settlement and payment of the claim. No reason occurs to us why the recovery in an action for such injury should be limited to the amount claimed in the notice. The case cited from Iowa,—Marsh v.

Benton Co., 75 Iowa, 469, 39 N. W. 713,—though apparently in point, does not seem to us in harmony with the general principles of law in analogous cases, and we cannot follow it.

An attorney frequently presents a bill to his client for services rendered making claim to a definite and specific sum, and, when the client refuses or fails to pay, action is brought to recover a much larger amount. It was held in Wilson v. Minneapolis & N. W. R. Co., 31 Minn. 481, 18 N. W. 291, that the attorney was not bound by the bill rendered by him. See also Allis v. Day, 14 Minn. 388 (516). The same rule should apply in all cases where specific claim is made for unliquidated damages, and we are of opinion that it does. The question has arisen in other courts, and the decisions have been adverse to appellant's contention, and to the effect that a party is not bound by the amount stated in his notice or claim, in case he is compelled to bring an action to enforce his rights. Minick v. City, 83 N. Y. 514; Reed v. Mayor, 97 N. Y. 620; City v. White, 13 Kan. 191.

Order affirmed.