NELLIE OLCOTT v. CITY OF ST. PAUL.[1]

January 8, 1904.

Nos. 13,596—(106).

**Municipal Corporation—Notice of Injury.**

    The notice provided for in section 9, chapter 23, of the Citizens' Charter of St. Paul of 1900, of injuries sustained by a traveler on a street or walk through defective conditions therein, is to be construed with liberality, but must be sufficiently definite and circumstantial to direct attention to the substantial defects and injuries for which recovery is demanded.

**Same—Specification of Claim.**

    Where the notice given under the requirements of the charter referred to sets forth as the sole distinctive ground of claim conditions caused by ice and snow upon a sidewalk, an action cannot be maintained to recover for a dangerous hole into which the injured party fell, caused by age and decay, to which the slippery condition caused by coasting on the walk is alleged to be incidental.

Appeal by plaintiff from an order of the district court for Ramsey county, Bunn, J., denying a motion for a new trial. Affirmed.

*S. C. Olmstead,* for appellant.

*J. C. Michael, G. R. O'Reilly,* and *L. R. Frankel,* for respondent.

LOVELY, J.

This action is to recover damages which plaintiff claims by reason of a fall and injury through slipping into a hole of an alleged defective sidewalk in the city of St. Paul. At the close of plaintiff's evidence the court dismissed the action upon the ground that the notice required to be given the common council before suit is commenced was not in compliance with law. There was a motion for a new trial, which was overruled. This appeal is from that order.

It appears from the record that there was a former trial of the cause, wherein the complaint was held to be insufficient, and plaintiff was allowed to amend. The amended complaint, among the circumstances attending plaintiff's injury, sets forth that the sidewalk in question

[1] Reported in 97 N. W. 879.

had during the winter season become slippery because of the accumulation of ice and snow thereon, through the use of the same for coasting by boys, which was permitted by the authorities of the city in violation of its ordinances; that the sidewalk had been constructed of pine boards, resting upon stringers and props standing upon the ground, which had become sunken below the outer edge (next the street) so that the props were insufficient; that at the time of the accident the boards were rotten, and many holes existed therein, as the result of age and decay; that it was insecure, and moved upon pressure when persons were walking over it; that on the occasion of plaintiff's injury she was passing over the walk, when run against by a coaster; that the walk vibrated, causing her to fall, and, in an effort to retain an erect position, one of her feet slipped into a hole, whereby she sustained the injuries complained of.

In section 9, c. 23, p. 105, of the Citizens' Charter of 1900, which was in force at the time of the accident, it is provided that, before any action can be maintained for an injury caused by a defective sidewalk, notice shall be given to the common council thereof within thirty days after its occurrence, with a demand for compensation,

> "Stating the time when, the place where, and the circumstances under which such alleged loss or injury occurred,"

And that thereafter the council shall have ten days to determine upon its action with reference thereto.

In attempting to comply with this charter provision, a notice was served upon the council which is in the following terms:

> "The undersigned [plaintiff] received injuries to her person through slipping and falling and being thrown down while passing along upon and over the sidewalk on the east side of Ann street, in the city of St. Paul, at a point on the said sidewalk about forty feet southerly from the intersection of the east line of said Ann street with the southerly line of Goodhue street. That her slipping, falling, and being thrown down, and the injuries to her person above referred to, were caused by the defective and unsafe condition of the said sidewalk at the place above mentioned, and by the negligence of the officers, agents, servants,

and employees of the said city in permitting said sidewalk to become and remain covered with snow and ice, and to become slippery, smooth, defective, and unsafe, and because of the fact that the said city, its officers, agents, servants, and employees knowingly and willfully permitted persons to use said sidewalk for the purpose of   * * *  coasting thereon." * * * That on the 24th day of December, 1901, while plaintiff was lawfully passing over the said sidewalk at the place mentioned, in consequence of the defective, slippery, icy, smooth, and unsafe condition of said sidewalk,  * * *  a person, whose name is to her unknown, who was sliding,  * * *  collided with the plaintiff, and  * * *   she was thrown down, and received severe and permanent injuries to her person.   [Last clause paraphrased.]

A comparison of this notice with the substantive facts set forth in the amended complaint discloses that no mention is made in such notice of the construction of the sidewalk, or of its unsafe character, arising from holes occurring through age and decay, which are the material grounds upon which plaintiff seeks to recover for her injuries.   The slippery condition of the walk, caused by the failure to enforce the city ordinances against coasting, is alleged by way of inducement, merely, and embraces no more than evidentiary or explanatory matter to illustrate the manner through which plaintiff's accident occurred when she was precipitated into the hole caused by its imperfect construction and defects resulting from use and decay.   In this respect the preliminary notice required to be given by one who suffers an injury caused through disrepair omitted an element essential to the cause of action for which the recovery is sought.

The manifest object of such notice was to enable the municipality, by its governing body, promptly to investigate, or cause to be investigated, the time, place, and circumstances of the injury, while witnesses were obtainable and facts fresh in their recollection.   Nicol v. City of St. Paul, 80 Minn. 415, 418, 83 N. W. 375.   We are not able to agree with counsel for plaintiff that the notice served in this instance fulfilled these purposes.   There is nothing in the notice that would direct the attention of the city officials to the material and essential grounds upon

91 M.—14

which recovery is sought. They might' go to the walk, and discover that it was slippery, and that coasting had been habitual thereon, without a more particular examination into the reasons upon which the plaintiff made her claim for damages; and if we could sustain the complaint, and the evidence to support the same, upon such a notice, we need give no effect whatever to the requirements that the circumstance of the injury should be set forth.

While we are not inclined to be technical in the construction of notices required' under this provision of the charter, and should construe it with reasonable liberality, yet we cannot adopt a view that would dispense with the substantial objects required thereby. We are bound to assume that the distinctive ground for recovery is the defective and rotten condition of the walk, whereby a dangerous hole was permitted to remain therein; and the notice, which directs attention to another claim, might be misleading, and, if it is to be treated as sufficient, would require the city officials who were to make the investigation of its condition to act upon any reference to the place of the injury, and necessitate a discovery upon such examination of any cause which might produce the same.

The notice required by the charter not having been given, plaintiff's action could not be maintained, and was properly dismissed.

Order affirmed.