# HERMAN KANDELIN v. CITY OF ELY.[1]

January 28, 1910.

Nos. 16,410—(212).

**Personal Injury — Notice to City — Departure.**

Notice of personal injuries from a defective sidewalk, given under the provisions of section 768, R. L. 1905, *held* sufficiently to state the place and nature of the defect, and that there was no substantial departure therefrom in the complaint. Olcott v. City of St. Paul, 91 Minn. 207, distinguished.

Action in the district court for St. Louis county to recover $25,600 for personal injuries and special damages. The case was tried before Hughes, J., and a jury which rendered a verdict in favor of plaintiff in the sum of $4,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*A. J. Thomas* and *W. G. Bonham,* for appellant.
*John R. Heino* and *Theo. Hollister,* for respondent.

BROWN, J.

Action to recover for injuries received by plaintiff while passing along one of the sidewalks in the city of Ely. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The only question presented by the assignments of error is the sufficiency of the notice given the city of the time and place of plaintiff's injury, as required by section 768, R. L. 1905. That statute provides that every person who claims damages from any city, village, or borough, for loss or injury from a defect in a street, road, or other public place, shall cause to be presented to its council, or other gov-

[1]Reported in 124 N. W. 449.

[Note] For liability of a municipal corporation for defects or obstructions in streets, see note in 20 L.R.A.(N.S.) 513.

crning body, within thirty days after the injury or loss, a written notice stating the time, place,. and circumstances thereof, and the amount of compensation demanded. It further provides that no action for such injuries shall be brought until a notice is given as therein required.

Two notices were given by plaintiff in the case at bar, and within the time allowed by the statute, only one of which need be referred to. The second notice was a mere enlargement of the first one, stating with greater particularity the nature of the injuries received, and, so far as pertinent to the question presented, was identical with the first one. That notice was as follows:

"To the Board of the City Council of the City of Ely, Minnesota:

"Take notice that on the 28th day of November, 1908, about 9:30 o'clock p. m., I received a severe bodily injury by reason of a defect in a certain sidewalk on the west side of 3rd avenue, in the city of Ely, Minnesota, at a point about 75 feet north of the intersection of the said 3rd avenue and of the Chapman street in the said city; that the defect or insufficiency which occasioned said injury consisted of a defect in a certain sidewalk plank, which had rotted and largely worn off and partially broken off, so that, while I was traveling on the said plank, the said plank broke and gave way, causing my foot to fall through the said sidewalk and my body to be thrown on and against the said sidewalk with such suddenness and great violence that my back was very seriously wrenched and injured, my right hip joint seriously sprained and otherwise injured, and the small bone inside of my right hip bone connecting hip joint and the bones of the leg was broken, my head was violently struck against the said sidewalk, causing a serious injury and depression on the right side of it close to the seat of the brain. I am informed and believe that in the injuries to my back and to my right hip joint my spinal cord and the sciatic nerve of the right leg have become so seriously involved as to make my said injuries extremely serious and permanent. I am also informed and believe that the injury to my head as aforedescribed is serious and permanent. All the hereinbefore described injuries were caused and occasioned solely by reason of the negligence

and carelessness of the officials and employees of the said city of Ely, for whose acts the city is responsible. As compensation for the injuries that I have sustained, I demand the sum of ten thousand dollars."

The complaint alleges in substance and effect that on the twenty-eighth day of November, 1908, the date given in the notice, the sidewalk on which plaintiff was injured, as it extends along Third avenue, between Chapman and Sherman streets, was, and for a long time prior thereto had been, maintained by defendant in an unsafe, defective, and dangerous condition, and that the planks of which the same was composed had become and were old, decayed, loose, and in very bad condition, and unfit for use and travel thereon. It further alleges that on the day stated plaintiff was lawfully walking along said street, between said Sherman and Chapman streets, at about 9:30 at night, at a point "about seventy-five (75) feet, to wit: between fifty (50) and one hundred (100) feet, from the north side of said Chapman street," when one of his feet was caught in a hole which was then and there near the middle of said sidewalk, and plaintiff was thereby caused to fall violently to the ground, seriously injuring his person.

Two points were made against the sufficiency of the notice: (1) That it does not state or sufficiently point out the defect relied upon by the complaint, viz., a hole in the sidewalk; and (2) that the place where the defect existed is not named with sufficient definiteness.

1. It is true that, where a notice of injury under this statute informs the municipal officers of a particular defect as the cause of an accident, no recovery can be had upon a complaint which predicates the accident upon an entirely different defect. Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879. But such is not the case at bar. Here the written notice called attention to the rotten and worn-out condition of the sidewalk at the place where the accident occurred, which, when plaintiff stepped upon it, broke through, precipitating him to the ground. The notice clearly directed attention to the place of the accident and the rotten and worn-out condition of the sidewalk. The complaint proceeds upon the same facts, and, while it alleges

that plaintiff stepped into a hole in the walk, it also alleges a general worn-out and defective condition of the walk at this point. This was not a substantial departure from the information contained in the notice to the city.

The object of the statute in requiring notices of this kind is to furnish the municipal officers information of the time and place of an accident and the nature of the injuries received, to the end that due investigation may be made to determine the truth and merits of the claims made. Any notice, therefore, which conveys information sufficient to enable the municipal officers to determine these facts, answers every purpose of the statute. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917.

The case is wholly unlike Olcott v. City of St. Paul, supra, in which the preliminary notice to the city apprised the municipal officers of the slippery condition of the sidewalk caused by the accumulation of ice and snow and, construed as a whole, did not complain of a defective condition of the walk itself. In the action subsequently brought pursuant to that notice, the complaint proceeded upon the theory of a defect in the sidewalk, and that plaintiff was injured by one of his feet being caught in a hole therein. The court held that this was a material departure from the notice and no recovery could be had. In the case at bar the defective condition of the walk, by reason of its worn-out and rotten planks, was made the foundation of the notice and also of the complaint.

2. It is also contended that the notice was insufficient as to the place. The notice in this respect indicated the place as "on the west side of 3rd avenue, in the city of Ely, Minnesota, at a point about 75 feet north of the intersection of the said 3rd avenue and of the Chapman street." The complaint pointed out the same place and followed the notice in all substantial respects. That portion of the allegations by which the place of the accident was described as about seventy-five (75) feet from the intersection of Chapman street, "to wit, between fifty (50) and one hundred (100) feet," does not render either the notice or the complaint indefinite or uncertain. The place of the accident was sufficiently indicated. Harder v. City of Minne-

apolis, 40 Minn. 446, 42 N. W. 350; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868.

Order affirmed.