# ANNA WORNECKA v. CITY OF ST. PAUL.[1]

June 14, 1912.

Nos. 17,557—(125).

**Defective sidewalk — notice of personal injury.**

The plaintiff was injured by alleged defects in a sidewalk of the city. Her attorney, shortly after the accident, caused the defective plank, which occasioned her injury, to be taken from the walk and retained until it was offered in evidence on the trial, and a new plank to be put into the walk, in place of the defective one, and securely nailed. Thereafter the statutory notice was given to the defendant. *Held:*

1. That if such acts were wilful, and thereby the purpose of the statute requiring notice was defeated, and the defendant deprived of the benefit and protection thereof, the service of such notice was not a good-faith compliance with the statute, and the plaintiff cannot recover.

2. Whether the defendant was thus deprived of the benefit of the statute was made by the evidence a question of fact, and the trial court correctly denied a motion for judgment and granted a new trial.

Action in the district court for Ramsey county to recover $2,000 for personal injuries. The answer admitted its existence as a municipal corporation but denied all the other allegations of the complaint. The case was tried before Olin B. Lewis, J., and a jury which returned a verdict in favor of plaintiff for $500. From an order granting defendant's motion for a new trial, plaintiff appealed. From an order denying defendant's motion for judgment notwithstanding the verdict and granting a new trial, it appealed. Affirmed on both appeals.

*Samuel A. Anderson* and *A. F. Storey,* for plaintiff.

*O. H. O'Neill, Kenneth G. Brill* and *Albin E. Bjorklund,* for defendant.

[1] Reported in 136 N. W. 561.

[Note] Notice to municipality of claim and cause of injury in case of injury on street, see note in 20 L.R.A. (N.S.) 757.

STARP, C. J.

This is a personal injury action, in which the plaintiff had a verdict for $500 in the district court of the county of Ramsey. The defendant then made a motion for judgment notwithstanding the verdict or for a new trial, on the grounds of excessive damages, errors of law, and that the verdict was not justified by the evidence and was contrary to law. The trial court made its order denying the motion for judgment and granting a new trial for the reasons following:

"It appears that shortly after the accident a person from the office of plaintiff's lawyer visited the scene of the accident, took up the defective plank which had caused plaintiff's fall, and securely nailed into position a new plank which this agent had procured for that purpose. Thereafter plaintiff's attorney served a notice required by the charter upon the city of St. Paul, and the city sent its representatives to visit the scene of the accident and took photographs of the place. It appears that the city was not aware that the new plank had been substituted until the time of the trial, when plaintiff produced the old plank as evidence in support of her case. Under these circumstances, I believe the city was deprived of the benefit which the notice provided for by the charter was intended to confer. This conduct in effect worked a fraud upon the city, and deprived the city of the protection and benefit which the charter sought to provide. For these reasons, among others, a new trial is granted."

Each party appealed from the whole order. The defendant's contention in support of its appeal is to the effect that the trial court erred in denying its motion for a directed verdict and subsequent motion for judgment, for the reason that the removal of the defective plank and the putting of another in its place before serving the statutory notice was such a fraud upon the city as to vitiate the notice, leaving the cause as if no notice had been served.

The purpose of the statute, requiring notice of claims for damages against a municipality for personal injuries sustained by reason of defects in a public street to be given to the municipality within thirty days after the injury, is to enable the authorities to make timely investigation into the time, place, and circumstances of the

accident, to the end that the claim may be settled, if found to be a valid one, or, if not, then intelligently to answer and defend any action brought to enforce the claim.   Terryll v. City of Fairibault, 84 Minn. 341, 87 N. W. 917.   If a notice fairly advises the municipality as to such facts, it is sufficient; otherwise, not.   Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879.

It logically follows that, if the plaintiff by her agent wilfully removed the defective plank and put in its place a new one before serving the required notice, whereby the purpose of the statute was defeated and the defendant deprived of the benefit and protection thereof, a notice served after such changes, although it complied with the letter of the statute as to substance and time of service, is not a good-faith compliance with the statute, and she is not entitled to recover.   If the evidence conclusively establishes such facts, the defendant was entitled to a directed verdict.

It appears from the evidence that the plaintiff, while walking with her daughter along a sidewalk on a public street of the city, was tripped and thrown down by a loose plank therein.   The plank and the stringers under it were decayed, so that when the daughter stepped on the end of the plank the other end flew up, and the plaintiff was thereby thrown down.   The accident occurred on Saturday, April 22, and on the next Thursday an employee of the then attorney of the plaintiff was directed by the attorney to go to the place of the accident and get the plank, and put another in its place in the walk and nail it down.   The employee did as directed, and the defective plank was taken to the office of the plaintiff's attorney, where it remained until the trial of the action, all of which was unknown to the defendant or its attorneys until disclosed on the trial and the plank received in evidence.    The notice was not served until some fifteen days after the changes in the sidewalk were made. There was evidence tending to show that the defendant's sidewalk inspector had notice of the accident, examined the place where it occurred, and saw the loose plank before it was removed, and, further, that a policeman of the city, whose duty was to report any defects in

118 M.—14.

sidewalks, was at the place of the accident shortly after it happened, found the plank loose, and so reported the same day.

It does not conclusively appear from the evidence that the removal of the plank and changes in the walk in fact deprived the defendant of the protection and benefit of the statute, or that such was the intention of the attorney. The question, then, upon the evidence, was one of fact and not of law, and the defendant's motion for judgment was rightly denied.

The plaintiff in support of her appeal urges two alleged reasons why the order granting a new trial should be reversed and judgment upon the verdict ordered. One is technical; the other goes to the merits of the order. The first one is to the effect that the new trial was granted on the ground of surprise, which was not one of the grounds stated in the motion for a new trial. Upon a consideration of the record, including the order and memorandum of the trial judge, we hold that such was not the sole ground upon which a new trial was granted. The claim upon the merits is in substance that the evidence is conclusive that the removal of the plank and the substituting of a new one therefor in the walk did not in any manner affect the substantial rights of the defendant, nor tend in any degree to vitiate the notice, for the reason that the defendant, through its inspector and policeman, was fully advised in the premises before the notice was served. We are of the opinion that the evidence made these claims of the plaintiff questions of fact. It follows that the trial court rightly denied the motion for judgment and granted a new trial.

Order affirmed on both appeals.