# CHARLOTTE R. SMITH v. CITY OF CLOQUET.[1]

December 20, 1912.

Nos. 17,721—(62).

**Liability for ice and snow on sidewalks.**

Though mere slipperiness from the accumulation of ice and snow upon the streets and sidewalks of a municipality does not create a liability for injuries received in consequence of that condition, there may be a liability where the municipality negligently permits an accumulation of ice and snow to such an extent and for such a time that slippery and dangerous ridges, irregularities, and depressions are formed therein from travel thereon, or other causes, thus rendering the street or walk unsafe and dangerous for public use.

**Verdict sustained by evidence.**

Evidence held sufficient to support a verdict of liability within the rule stated.

Action in the district court for Carlton county to recover $1,065 for personal injuries. The complaint, among other matters, alleged that plaintiff, on the day mentioned, was "lawfully walking along said sidewalk * * * in a careful manner," when, owing to its slippery and uneven condition, she fell and was hurt. The answer was a general denial. The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $225. Defendant's motion for judgment notwithstanding the verdict or for a new trial

[1] Reported in 139 N. W. 141.

Note.—As to the liability of a municipal corporation for injuries from rough or uneven ice or snow accumulated from natural causes on a street or sidewalk not otherwise defective, see note in 13 L.R.A.(N.S.) 1105; and on the question of liability for injuries from smooth, level ice or snow, see note in 7 L.R.A.(N.S.) 933.

The authorities on the general question of the liability of a municipality for injuries from snow and ice on streets or sidewalks, are reviewed in notes in 21 L.R.A. 263 and 20 L.R.A.(N.S.) 656.

was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*J. A. Fesenbeck,* for appellant.

*Walter L. Case,* for respondent.

BROWN, J.

Action for personal injuries alleged to have resulted from the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its motion for judgment or a new trial.

The injury of which plaintiff complains was received by her on December 12, 1910, by falling upon one of the sidewalks of the city, and it is her claim that the walk at this point was in a defective condition by reason of the accumulation of ice and snow which, by travel and otherwise, had become rough and uneven, and dangerous and unsafe for public use. She further claims that this condition of the walk was caused by the negligence of the city in failing properly and seasonably to remove the snow and ice, and to keep and maintain the walk in reasonably safe condition for public use.

It is well settled by the authorities that mere slipperiness of streets and sidewalks, caused by an accumulation of ice and snow, creates no liability for injuries to persons in consequence of that condition. It is equally well settled that, where ice and snow are permitted to accumulate and remain upon the streets and walks to such an extent and for such a time that slippery and dangerous ridges, irregularities, and depressions are formed therein from travel or other causes, thus rendering travel thereon unsafe, the municipality may be liable, if that condition is brought about by its neglect. Henkes v. City of Minneapolis, 42 Minn. 530, 44 N. W. 1026; Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819; Keane v. Village, 130 N. Y. 188, 29 N. E. 130; McAuley v. City, 113 Mass. 503; Broburg v. City, 63 Iowa, 523, 19 N. W. 340, 50 Am. Rep. 756; Cook v. City, 24 Wis. 270, 1 Am. Rep. 183.

The question in the case at bar is whether the evidence made a case for the jury within this rule of liability. Defendant contends that the evidence is wholly insufficient. We have carefully read the record, and concur with the learned trial court that the evidence, though

by no means conclusive, was sufficient to take the case to the jury, and that it supports the verdict. The sidewalk had been used by boys for coasting, and was a much frequented thoroughfare. A sloping ridge, four or five inches high, had been formed in the center of the walk, and there was evidence of unevenness and roughness caused by travel, and sufficient to justify the conclusion that it was in an unsafe and dangerous condition for use. The evidence also tended to show that the condition stated had existed for a sufficient time to charge defendant with notice. This made a case of negligence for which defendant is liable. Numerous authorities sustaining this view of the case may be found cited in [Elam v. City (Ky.)] 20 L.R.A.(N.S.), 656.

The further contention of defendant that the evidence fails to show that plaintiff fell upon the walk in consequence of the conditions stated is not sustained. That was a fair question for the jury. The question of contributory negligence or assumption of risk was not presented on the trial below, and for that reason neither question is properly before us. If either question was litigated and considered in the case, a request to submit them to the jury should have been made. Ellington v. Great Northern Ry. Co. 92 Minn. 470, 100 N. W. 218. The notice to the city of the time and place of the accident was sufficiently specific and answered every purpose of the law. Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449.

Order affirmed.