## ELSIE M. WEBER v. CITY OF MINNEAPOLIS.[1]

January 28, 1916.

Nos. 19,525—(198).

**Municipal corporation—statutory notice of claim—surface water.**

1. In an action against a city for injuries alleged to have been suffered in consequence of the diversion of the natural flow of surface waters by the negligent construction of certain street improvements, it is *held*, that the preliminary notice to the city sufficiently pointed out the acts complained of and that there was no material departure therefrom in the complaint.

**Verdict sustained by evidence.**

2. The evidence made the issue of negligence one of fact, and the verdict of the jury is sufficiently supported.

**No error.**

3. The record presents no reversible error.

Action in the district court for Hennepin county by Elsie M. Weber, doing business as H. W. Weber & Company, to recover $4,500 damages to her premises and stock from surface water negligently diverted by defendant to and upon her land. The facts are fully stated in the opinion. The case was tried before Steele, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a

[1] Reported in 156 N. W. 287.

verdict for $1,089.68. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. D. Gould,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for appellant.

*Hall & Tautges* and *Gale P. Hilyer,* for respondent.

BROWN, C. J.

Plaintiff owns lot 13 of block 22 in Remington Park Addition to the city of Minneapolis, the same being located at the corner of Upton avenue and Forty-third street. The topography of the land in this vicinity is hilly and the natural drainage from Forty-fourth street was, prior to certain improvements made by the city at that point, down Upton avenue toward Forty-third street where plaintiff's property is located. Long prior to the time here in question certain improvements were made at the intersection of Forty-fourth street and Upton avenue, the purpose of which was to cause the waters collecting at that point to flow down Forty-fourth street, and finally into Lake Harriet, and to prevent the flow thereof down Upton avenue. These improvements were in part by private individuals and in part by the city authorities. The street commissioner put in a drain and certain catch basins, and these with the other improvements served to take the waters down Forty-fourth street, and away from plaintiff's property. At the time of, or prior to these improvements, a cross-walk upon a raised embankment was placed across Upton avenue at Forty-fourth street, and this served as a dam and further prevented the water from flowing down Upton avenue. A like cross-walk was constructed over Forty-fourth street, but the embankment was left open to facilitate the flow of water down that street. With these improvements in place plaintiff's premises suffered no injury or damage from water coming down Upton avenue, and the natural flow of water thereafter was down Forty-fourth street. In August, 1912, the city authorities constructed a sewer leading from Forty-third street and Upton avenue, designed to take the waters collecting at that point down Forty-third street and into Lake Harriet. In connection with this work the authorities took out the improvements at Forty-fourth street and Upton avenue; opened the embankment across

Upton avenue; closed the embankment across Forty-fourth street, and changed the flow of water from Forty-fourth street, down Upton avenue to the sewer at Forty-third and Upton. The sewer was inadequate for the purpose and the surplus waters collected in part from Forty-fourth and Upton, flooded plaintiff's premises and damaged the same. Within the time fixed by statute plaintiff duly gave notice of the damage and injury and pointed out in the notice practically all the facts here stated, as grounds for the claim that the city was responsible for the same, except the fact that the openings in the embankment across Forty-fourth street were closed, thus preventing the water flowing as theretofore down that street; that fact was not mentioned in the notice. The city refused to recognize the claim and plaintiff then brought this action. She had a verdict and defendant appealed from an order denying its motion for judgment or a new trial.

1. Our examination of the record leads to the conclusion that the jury were justified in finding that by the improvements, both private and public, at Forty-fourth street and Upton avenue, the natural flow of the waters collecting at that point was down Forty-fourth street, and from there to Lake Harriet. They were also justified in finding that defendant was negligent in removing those improvements, and thereby changing the natural flow of such water, and diverting it down Upton avenue, without first providing adequate facilities for the same at that point, thus causing the water to flow upon and injure plaintiff's property. It is not a case showing a mere failure of the municipal authorities to protect the property owner from injury from surface water, but their wrongful conduct in diverting such water from a natural course, and casting it upon private property. The evidence upon this subject made a case for the jury.

2. At the opening of the trial by an objection to the introduction of any evidence, and in other ways, defendant raised the point that the notice given the city was defective and insufficient, or rather that the notice did not correspond with the allegations of the complaint, in that grounds of neglect on the part of the city were pleaded in the complaint which were not stated in the notice; the particular point being the failure of the notice to state that the cross-walk embankment over Forty-fourth street was so closed as to prevent the water flowing down that street.

As heretofore stated this fact was not referred to in the notice, though it was pleaded in the complaint. The contention of defendant is that, since this act was one of the principal elements in the alleged diversion of the water, it should have been stated in the notice, and not having been so stated, evidence thereof was inadmissible. Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879, is cited in support of the contention. The point is not sustained. Notices of this kind are entitled to a fair and reasonable construction. If the one given fairly apprises the city of the grounds of the claim that its wrongful acts caused the damage, and of the facts made the basis of such claim, it is sufficient though it does not minutely set forth all thereof in detail. Ackeret v. City of Minneapolis, 129 Minn. 190, 197, 151 N. W. 976, L.R.A. 1915D, 1111; Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129. The notice in the case at bar fairly apprised the city that the improvements made by its agents at Forty-fourth street and Upton avenue had diverted the water from its natural course, and by a technical construction only can it be held deficient in not specifically referring to all the acts which resulted in such diversion. The Olcott case is not in point. Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449. We hold that there was no material departure.

3. A number of other assignments present alleged errors in the exclusion of evidence and in the charge of the court to the jury. We have fully considered them all and discovered no reversible error.

Order affirmed.