## BRETA ANDERSON v. CITY OF MINNEAPOLIS.[1]

### November 23, 1917.

### No. 20,559.

**Municipal corporation — notice of claim for injury — "patch of ice."**

A notice of claim under section 1786, G. S. 1913, for loss or injury sustained on account of a defect in a public street, sidewalk, or public grounds of a city, sufficiently states the circumstances, if the defect causing the injury is pointed out so that a full investigation may be had. It need not be as specific as the complaint in an action to enforce the claim, but must assign the same defect as the cause of the injury. Under this rule, a "patch of ice," given in the notice as the cause of plaintiff's injury, is a sufficient designation of the circumstances to admit proof of "an uneven ridge of ice," the defect alleged in the complaint.

[1]Reported in 165 N. W. 134.

Action in the district court for Hennepin county to recover $5,000 for injuries received from slipping upon an icy sidewalk. The answer alleged negligence on the part of plaintiff. The case was tried before Fish, J., who at the close of the testimony granted defendant's motion to dismiss the action. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Arctander & Nordbye,* for appellant.

*C. D. Gould,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

HOLT, J.

The court dismissed the action on the ground that the notice of claim against the defendant was insufficient, and plaintiff appeals from the order denying a new trial.

The complaint alleges that the city negligently allowed ice to accumulate on the public sidewalk in front of the fire house at Fourth street and Fifteenth avenue south in the city of Minneapolis, which said accumulation of ice was to the knowledge of defendant uneven, round, slippery and ridgelike, and that by reason thereof plaintiff slipped, in passing over said sidewalk, fracturing her leg. Under such cases as Wright v. City of St. Cloud, 54 Minn. 94, 55 N. W. 819, and Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141, the complaint would seem to state a cause of action, and the learned trial court so held.

Section 1786, G. S. 1913, provides, in substance, that no action for damages shall be maintained against any city on account of loss or injury sustained by reason of any defect in its streets, sidewalks, or other public works or grounds unless a notice in writing "stating the time, place and circumstances thereof," is served on the city council within 30 days after the loss or injury. A notice in this instance was served in time, but the trial court was of the opinion that "the circumstances" of the injury were not adequately stated and therefore the action must fail. This is the only question in the appeal; for, upon this record, it cannot be said that the obstruction was created by a city department in the performance of its function as a governmental agency, so as to absolve the city from liability, in view of the allegations of the complaint

that the obstruction and the dangerous condition thereby created were known to the city.

The object of the notice is to inform the city of the claim, while the facts upon which it is based are fresh, so that upon investigation it may be intelligently adjusted without litigation, if just, and also to enable the city to obtain proper evidence to efficiently defend in court, if the demand be exorbitant or without merit. The notice need not state the circumstances or facts with that fullness and accuracy required in a pleading. In a personal injury claim it is sufficient if it specifies the cause of the injury, so that the officers or agents of the city can ascertain the facts in connection therewith without being misled. Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129; Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L.R.A. 1915D, 1111, Ann. Cas. 1916E, 897, and cases therein cited; and Weber v. City of Minneapolis, 132 Minn. 170, 156 N. W. 287. The main purpose of the statute is not to require such a statement of the circumstances as to show an absolute liability, but rather such information that the authorities may be able to make a full investigation of the cause of the injury and determine the city's liability therefor. If the notice points to one defect as the cause of the injury, it will not serve as a condition precedent to an action based on an entirely different defect. This is illustrated by the case of Olcutt v. City of St. Paul, 91 Minn. 207, 97 N. W. 879, where the notice stated the accident to have been caused by the unsafe condition of the sidewalk, because of the city's permitting it to become covered with snow and ice and allowing persons to coast thereon so as to make it slippery, but the complaint and proof showed that the injury was produced by the plaintiff's foot going through a hole in the sidewalk when run into by a coaster. In the instant case the notice specifies "the circumstances" as slipping on a "patch" of ice which the city negligently had suffered to exist for a long time on the sidewalk in front of its fire house on Fourth street near Fourteenth avenue south. This is essentially the cause of action set out in the omplaint. A "patch" of ice may be in the shape of an uneven ridge constituting an obstruction and menace to safe travel. No point is made upon the misprint or the misdescription in the notice of the place of the accident, it being placed near Fourteenth instead of Fifteenth avenue south.

In Smith v. City of Cloquet, supra, a notice was held sufficient although it contained no reference to ridges of ice, the defect named in the complaint and the one upon which the verdict was predicated. There the notice set out the circumstances as follows: "The sidewalk where I fell was covered with snow which had been allowed to become packed and the snow and ice at said point rendered the sidewalk unsafe for pedestrians to pass over, and by reason of the slippery and unsafe condition of the sidewalk at said point, I slipped and fell, sustaining the injuries above detailed; that the sidewalk at said point was rendered unusually dangerous and slippery by reason of the fact that children were allowed and permitted by the city authorities to use the same sliding down hill for amusement; that said sidewalk was not sanded in order to make the same safe for pedestrians to pass over and by reason of these facts, I sustained the injury described."

It may be held that, if the notice in stating the circumstances of the injury set forth facts showing that no liability could in any event arise therefrom, the city authorities would not be required to investigate, and might treat the notice as wholly nugatory. But such is not this notice. It appears therefrom that the "patch" of ice was a menace to safe travel, and this may have been because of its shape, location and surroundings. It called for an investigation which if pursued would have given the city all details necessary either to settle the claim or defend against it.

Tested by the rules announced in the prior decisions of this court, above referred to, the notice was sufficient as a condition precedent to maintaining the action alleged in the complaint.

Order reversed.