## KATHERINE HAMPTON v. CITY OF DULUTH.[1]

### June 7, 1918.

### No. 20,854.

**Municipal corporation — statutory notice of claim for injury insufficient.**

 A preliminary notice to a municipality of an injury, required to be given by G. S. 1913, § 1786, *held* insufficient.

Action in the district court for St. Louis county to recover $5,325 for injuries received from a fall upon the accumulated ice on one of defendant's streets. The case was tried before Dancer, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*John E. Samuelson, Leonard McHugh* and *M. T. O'Donnell,* for appellant.

*Andrew Nelson* and *John G. Cedergren,* for respondent.

PER CURIAM.

The plaintiff recovered a verdict for injuries sustained by slipping and falling on a sidewalk in Duluth. The city appeals from the order denying its alternative motion for judgment or a new trial.

On March 13, 1916, the plaintiff slipped and fell as she was walking easterly on West Fourth street a little more than 100 feet westerly of

[1]Reported in 168 N. W. 20.

Sixth avenue which intersects at right angles. Westerly of Sixth avenue the sidewalk in front of two lots, a distance of 100 feet, had been kept reasonably clear of ice and snow throughout the winter by the owners. The sidewalk in front of the third lot from the avenue, which was vacant, had not been kept clear except as the lot owner to the east in clearing his sidewalk had cleared a few feet in front of the vacant lot. Snow and ice had accumulated on the sidewalk in front of the vacant lot. The plaintiff fell as she was passing from the accumulated snow and ice to the cleared portion of the sidewalk. At this point there were slippery and uneven ridges, irregularities and depressions, upon the existence of which negligence could be predicated within Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141, and cases cited therein. The plaintiff recovered, under the allegations of the complaint, because of the condition stated at this particular point. The only question is whether sufficient written notice of the injury, "stating the time, place and circumstances thereof," as required by G. S. 1913, § 1786, was served. The notice so far as here material was as follows:

"PLEASE TAKE NOTICE that the undersigned, Katherine Hampton on the 13th day of March, 1916, about 5:30 o'clock p. m. fell on the sidewalk on the lower side of Fourth Street between Sixth and Seventh Avenues West, at a point about seventy-five (75) feet from Sixth Avenue West, severely wrenching and spraining her spine.

"That at said time and at said point there was a considerable grade in said sidewalk and that it has heretofore been the custom of the city of Duluth to sand said street and to keep it free and clear from ice, snow and other obstruction and at said time the undersigned assumed that said street continued to be in such condition, but found to the contrary that a smooth and slippery glare of ice had been permitted to accumulate on the surface of said street and a light fall of fresh snow had been permitted to form over the surface of said ice in such a way as to make it impossible for the undersigned to detect the same.

"That no sand or other material, to prevent or lessen the slippery condition of said ice, had been placed on the surface thereof as has been the custom of said city of Duluth and that the undersigned's falling was due to the negligence of said city of Duluth and its employees in keeping said street at said point, where there is a dangerous grade free and clear

of ice, snow and other obstructions and in failing and neglecting to sand the same and by permitting a smooth glare of ice to form on the surface of said street and a fall of snow to entirely cover and conceal such condition.

"That said negligence was the sole, direct and proximate cause of the undersigned's injuries; that by reason thereof the undersigned has been damaged in the sum of $5,000."

The purpose of the notice is to inform the city of the claim, while the facts are fresh, so that it may intelligently adjust it without litigation or efficiently defend against it. Anderson v. City of Minneapolis, 138 Minn. 350, 165 N. W. 134. If with the information contained in the notice the municipal authorities had gone immediately after the accident to the place of it as designated in the notice they would have found something of the condition recited in the notice, perhaps somewhat exaggerated, that is, an icy and slippery condition, or perhaps a glare of ice, covered by recently fallen snow. It is not conceivable that the condition of the hundred feet west of the avenue, which had been kept clear during the winter, was such as to make the city liable because of negligence, for mere slipperiness gives no right of recovery, and such was the clear charge of the court. If the authorities could rely upon the location of the accident given in the notice, they might rest safely upon the proposition that the city was not liable. If they continued something more than 25 feet westerly, they would have found a slippery and rough and uneven condition marked by ridges and depressions, the existence and continuance of which might evidence negligence; but looking at the notice they would see that this condition was not at the place where the injury was sustained, and that it was not at all the condition which caused the injury. The notice was insufficient. Of course a failure to locate the precise place of the injury is not usually fatal; but here the place was stated, and the condition of which complaint was then made was found there, and the defendant was not informed nor required to take notice of a different, and perhaps negligent, condition 25 or more feet westerly, from which nothing was claimed in the notice nor at all until the institution of suit.

The plaintiff is not helped by Anderson v. City of Minneapolis, 138 Minn. 350, 165 N. W. 134. There the notice stated that the plaintiff

140 M.—20.

slipped on a definitely and accurately located "patch" of ice. If the authorities had investigated, they would have found an accumulation of ice making an uneven, round, slippery and ridge-like condition, such as was alleged in the complaint, and of such character that negligence might be predicated upon its existence. Nor is she helped by Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141. There the place was located, and the description of the condition, though general in terms, gave the city all needed information. If it had looked, it would have found a condition upon which negligence could be predicated. The situation is more nearly controlled by Olcott v City of St. Paul, 91 Minn. 207, 97 N. W. 879.

In reaching our conclusion we do not overlook the settled doctrine that the preliminary notice is not a pleading, that its purpose is only to give the city information of the claim, and that it is construed liberally in favor of the party injured. Anderson v. City of Minneapolis, 138 Minn. 350, 165 N. W. 134; Weber v. City of Minneapolis, 132 Minn. 170, 156 N. W. 287; Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976; Smith v. City of Cloquet, 120 Minn. 50, 139 N. W. 141; Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129; Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449. Still, the statute makes the giving of notice a condition of recovery, and liberal construction cannot go so far as to dispense with a notice of sufficient definiteness to serve the statutory purpose.

Order reversed.