# GEORGE RUSSELL v. CITY OF MINNEAPOLIS.

107 N. W. (2d) 711.

February 3, 1961—No. 38,063.

*Charles A. Sawyer,* City Attorney, and *Raymond H. Hegna,* Assistant City Attorney, for appellant.

*Nemerov & Perl* and *Mitchell R. Spector,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by George Russell for injuries sustained when he fell on a public sidewalk in Minneapolis. The jury returned a verdict in his favor for $1,200. This is an appeal from the judgment entered thereon.

At the trial and on appeal here defendant contends that (1) the notice of claim which plaintiff served upon it pursuant to Minn. St. 465.09[1] did not describe the place of the accident with sufficient ac-

---

[1]Minn. St. 465.09 provides: "Every person who claims damages from any city, village, or borough for or on account of any loss or injury sus-

curacy to make it valid; and (2) because thereof there was a material variance between the notice of claim and proof as to the place of accident.

The notice of claim filed by defendant pursuant to § 465.09 sets forth that plaintiff was injured on the sidewalk "in front of the property located at 1029 Fourth Avenue South" and that the sidewalk in front of said address was broken and torn and there were large holes in said sidewalk. The building known as 1029 Fourth Avenue South takes its address from its Fourth Avenue location. It is at the northeast corner formed by Fourth Avenue and Eleventh Street. It is a two-story building with a corner entrance fronting partially on Fourth Avenue and partially on Eleventh Street. Another door designated as 1027 Fourth Avenue South also faces Fourth Avenue. There is a small unnumbered door toward the rear on the Eleventh Street side.

The depression in the sidewalk which occasioned plaintiff's fall on Fourth Avenue was some 6 to 15 feet north of the northwest corner of the building, in front of a garage or warehouse which had no entrance or street number at this point. In denying defendant's motion for dismissal or for a directed verdict, the trial court stated:

"The motion will be denied, the Court feeling that the purpose contemplated by the statute in giving the city information as to the location is sufficiently given by this notice and the evidence as to where it happened, although it did not happen in front of the 1029 address or the building as might be described as 1029 or 1027, but some distance six to fifteen feet north thereof, the exact spot being perhaps in dispute, * * *."

In our opinion the judgment from which this appeal is taken should

---

tained by reason of any defect in any bridge, street, sidewalk, road, park, ferry-boat, public works, or any grounds or places, or by reason of the negligence of any of its officers, agents, servants, or employees, shall cause to be presented to the common council or other governing body, within 30 days after the alleged loss or injury, a written notice, stating the time, place, and circumstances thereof, and the amount of compensation or other relief demanded. No action therefor shall be maintained unless such notice has been given; or if commenced within ten days thereafter, or more than one year after the occurrence of the loss or injury."

be affirmed. The notice described, given pursuant to § 465.09, was sufficient. The object of such notice is to give the municipality involved timely opportunity to locate the defect, to find witnesses, and to ascertain the condition of the sidewalk at the time of the accident. Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350; Brittain v. City of Minneapolis, 250 Minn. 376, 84 N. W. (2d) 646. When the notice is timely and informs city authorities with reasonable certainty as to date and place of the accident, it is sufficient, notwithstanding there may be some inaccuracies therein. Harder v. City of Minneapolis, *supra;* O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981; Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868; Brittain v. City of Minneapolis, *supra.* Here the building described in the notice as adjacent to the sidewalk depression fronted upon Fourth Avenue South. Nowhere in the notice is there anything which would cause a conclusion that the depression was adjacent to the Eleventh Street side of the building as defendant suggests.

In Hampton v. City of Duluth, 140 Minn. 303, 168 N. W. 20, relied upon by defendant, the notice stated that plaintiff had fallen upon some smooth and slippery ice covered with a light fall of snow upon a certain sidewalk at a point 75 feet from a described corner. There the evidence established that plaintiff had actually fallen on an icy ridge on the sidewalk about 100 feet from the corner. In holding the notice insufficient, the court stated (140 Minn. 305, 168 N. W. 21):

"* * * If the authorities could rely upon the location of the accident given in the notice, they might rest safely upon the proposition that the *city was not liable.* If they continued something more than 25 feet westerly they would have found a slippery and rough and uneven condition marked by ridges and depressions, *the existence and continuance of which might evidence negligence;* but looking at the notice they would see that this condition was not at the place where the injury was sustained, and that it was not at all the condition which caused the injury. The notice was insufficient." (Italics supplied.)

In the instant case the depression in the sidewalk upon which plaintiff fell would have been visible to anyone casually glancing about

from a position in front of the building at 1027-29 Fourth Avenue South, so that defendant, after receiving the notice, could have readily ascertained its location and condition, and with such knowledge interviewed any available witnesses. The minor inaccuracy in the notice did not, in our opinion, invalidate it.

Affirmed.