FLORENCE OLANDER v. SPERRY AND
HUTCHINSON COMPANY AND OTHERS.
CITY OF BEMIDJI, RESPONDENT.

197 N. W. 2d 438.

April 28, 1972—No. 43121.

*Powell & Dessert* and *Phillip D. Nelson,* for appellant.

*Smith, McRae & Hilligan* and *Thomas M. Hilligan,* for respondent.

*Louis W. Claeson, Jr.,* for League of Minnesota Municipalities, amicus curiae.

Heard before Knutson, C. J., and Rogosheske, Todd, and Mason, JJ. Reconsidered on the briefs en banc.

TODD, JUSTICE.

This appeal questions the extension by the trial court of the doctrine of strict compliance, previously applied to the requirements of Minn. St. 466.05 relating to the time and manner of service of notice of tort claims against municipalities, to the other provisions of the statute relating to notice of "the time, place, and circumstances" of the loss or injury and to "the amount of compensation or other relief demanded." We now adopt the doctrine of substantial compliance with regard to the description of the time, place, and circumstances of the loss or injury. We accordingly reverse.

On March 4, 1970, plaintiff timely served upon the proper city officials of the city of Bemidji the following notice of claim:

"We hereby give you notice that Florence Olander, 601 Minnesota Ave., Bemidji, Minnesota, did on February 6, 1970, sustain personal injury when she fell on an icy, slippery sidewalk on Beltrami Avenue between Fifth and Sixth Streets in the City of Bemidji, Minnesota. She sustained a severely fractured right

wrist and bruises on the right arm and left shoulder. Mrs. Florence Olander may have a claim against the City of Bemidji for the damages she has sustained based upon the City of Bemidji's negligence.

"Dated February 18, 1970."

Plaintiff subsequently commenced this action. In her complaint she alleges that the city of Bemidji and others negligently designed, constructed, or maintained a dangerous and defective sidewalk in front of 507 Beltrami Avenue, Bemidji, and that as a proximate result thereof the sidewalk became icy, slippery, and watery, causing her to slip and fall, thereby sustaining severe and permanent injuries.

Alleging that the notice was deficient and not in compliance with legal requirements relating thereto, the city moved for summary judgment. The motion was granted and the complaint dismissed, the court indicating in its memorandum that its decision was based on a determination that the notice did not accurately designate the place of injury. The trial court said:

"* * * It would be impossible for the City of Bemidji, without any further particular description, to have located the scene of this accident so as to enable it to properly investigate the same without the further benefit of information which was readily available to the plaintiff but not furnished to the defendant, City of Bemidji."

Subsequently, the trial court denied plaintiff's motion for amended findings of fact, conclusions of law, and order for judgment. The court also rejected her claim that § 466.05 violated the concepts of due process and equal protection of both the State and Federal Constitutions. Plaintiff appeals from the judgment.

Although plaintiff raises the question of whether § 466.05 transgresses constitutional limits, we need not discuss that issue as we dispose of the appeal on other grounds. It should be noted, however, that judicial patience should not be confused with judicial impotence, especially where constitutional rights may

be concerned. See, Spanel v. Mounds View School Dist. No. 621, 264 Minn. 279, 118 N. W. 2d 795 (1962).

Minn. St. 466.05, subd. 1, provides:

"Every person who claims damages from any municipality for or on account of any loss or injury within the scope of section 466.02 shall cause to be presented to the governing body of the municipality within 30 days after the alleged loss or injury a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded does not invalidate the notice; but in such case, the claimant shall furnish full information regarding the nature and extent of the injuries and damages within 15 days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within one year after such notice. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is incapacitated by the injury from giving the notice."

This statute, adopted in 1963, evolved from a statute originally passed in 1897.

This court has held on numerous occasions that the requirement of § 466.05 and predecessor statutes as to time of filing the notice must be strictly conformed to. In Wibstad v. City of Hopkins, 291 Minn. 206, 210, 190 N. W. 2d 125, 127 (1971), we said:

"The strictness with which the statutory requirement of timely notice of tort claim against municipalities has been enforced, as well as the close construction accorded statutory exceptions, is longstanding in this state as it has been in other states. The strictness with which the statute has been construed may well produce seemingly harsh results, but we are persuaded that it is so well-known and longstanding as to constitute a clear gloss upon the legislative enactment."

The doctrine of strict compliance as to filing of timely notice has been followed even where there were allegations of fraud and concealment of injuries, Hirth v. Village of Long Prairie, 274 Minn. 76, 143 N. W. 2d 205 (1966);[1] where there were representations to claimant by municipal officials that his claim would be taken care of, Johnson v. City of Chisholm, 222 Minn. 179, 24 N. W. 2d 232 (1946); where there was actual knowledge by employees of the municipality, Almich v. Independent School Dist. No. 393, 291 Minn. 269, 190 N. W. 2d 668 (1971); and where a minor claimant was involved, Holsman v. Village of Bigfork, 284 Minn. 460, 172 N. W. 2d 320 (1969). See, also, Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404 (1927).

Furthermore, we have held that timely service must be made on the proper municipal officials, McGuire v. Hennessy, 292 Minn. 429, 193 N. W. 2d 313 (1971); Jensen v. Downtown Auto Park, Inc. 289 Minn. 436, 184 N. W. 2d 777 (1971); Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029 (1898).

In these cases this court has time and again stated that it is the function of the legislature to correct the harsh results of such strict construction. In Freeman v. City of Minneapolis, 219 Minn. 202, 205, 17 N. W. 2d 364, 365 (1945), quoting from Olson

---

[1] It is interesting to note that where the situation is reversed the same strictness is not followed. In Wornecka v. City of St. Paul, 118 Minn. 207, 136 N. W. 561 (1912), the claimant's attorney went to the scene of an alleged defective sidewalk, removed the damaged plank, inserted a new plank, and 15 days later gave timely and proper notice to the city. The court there stated (118 Minn. 209, 136 N. W. 561): "It logically follows that, if the plaintiff by her agent wilfully removed the defective plank and put in its place a new one before serving the required notice, whereby the purpose of the statute was defeated and the defendant deprived of the benefit and protection thereof, a notice served after such changes, although it complied with the letter of the statute as to substance and time of service, is not a good-faith compliance with the statute, and she is not entitled to recover. If the evidence conclusively establishes such facts, the defendant was entitled to a directed verdict."

v. City of Virginia, 211 Minn. 64, 66, 300 N. W. 42, 43, 136
A. L. R. 1365, 1367 (1941), we said:

"Plaintiff urges that adherence to the provisions of the statute
results in hardship and injustice. It is not for the courts to pass
upon the merits, wisdom, or justice of legislation. So long as the
legislature does not transgress constitutional limits, matters
concerning the hardship and injustice of legislation are for legis-
lative and not judicial consideration."

In Freeman the trial court granted a directed verdict in favor
of the defendant city of Minneapolis because plaintiff's notice
of claim failed to state the amount of her damages, as was com-
pulsory at that time. Again this court strictly construed the
statutory language and affirmed the trial court.

Generally, where the timeliness of the notice or the manner
of service were not in question, we have taken a different ap-
proach. In an early case, Kandelin v. City of Ely, 110 Minn. 55,
58, 124 N. W. 449, 450 (1910), the court defined the purpose of
the statute as follows:

"The object of the statute in requiring notices of this kind is
to furnish the municipal officers information of the time and
place of an accident and the nature of the injuries received, to
the end that due investigation may be made to determine the
truth and merits of the claims made. Any notice, therefore, which
conveys information sufficient to enable the municipal officers
to determine these facts, answers every purpose of the statute." [2]

This early statement of the statute's purpose was restated in
Hirth v. Village of Long Prairie, 274 Minn. 76, 79, 143 N. W. 2d
205, 207:

"* * * The principal purpose of the statutory requirement
of notice is to protect against dissipation of public funds by
requiring that the municipality be promptly furnished with in-

---

[2] Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375 (1900); Terryll
v. City of Faribault, 84 Minn. 341, 87 N. W. 917 (1901).

formation concerning a claim against it so that full opportunity is provided to investigate it, to settle those of merit without litigation, and to correct any deficiency in municipal functions revealed by the occurrence. By timely service of notice, the municipality is also afforded protection against stale or fraudulent claims or the connivance of corrupt employees or officials."

In Lyons v. City of Red Wing, 76 Minn. 20, 22, 78 N. W. 868, 869 (1899), in its initial examination of the statute's requirements as to description of the place of the accident, the court said:

"The notice is sufficient, for it identifies the place of the accident with *substantial* certainty." (Italics supplied.)

Since that time, we have used reasonableness as our standard:

"* * * When the notice is timely and informs city authorities with reasonable certainty as to the date and place of the accident, it is sufficient, notwithstanding there may be some inaccuracies therein." Russell v. City of Minneapolis, 259 Minn. 355, 357, 107 N. W. 2d 711, 713 (1961).

In Terryll v. City of Faribault, 81 Minn. 519, 84 N. W. 458 (1900), the court further held that if it is not apparent in the notice that the municipality is prejudiced thereby, the notice should not be adjudged defective.[3]

In Louko v. Village of Hibbing, 222 Minn. 463, 466, 25 N. W. 2d 234, 235 (1946), this court said:

"Defendant does not claim to have been prejudiced or misled by the allegedly insufficient notice, but asserts that the notice served was inaccurate in its description of the place within the village where the alleged accident occurred, and that because of the alleged inaccuracy the notice was fatally defective and not a sufficient compliance with the statute * * *.

---

[3] Brittain v. City of Minneapolis, 250 Minn. 376, 383, 84 N. W. 2d 646, 651 (1957).

"What is an adequate notice under the statute applicable here must be decided in each case on the basis of the facts involved. Generally, such notice is considered sufficient if the place of accident is so described that the proper municipal officers, through the exercise of reasonable diligence, may be able to locate it even though the notice may contain some inaccuracies." [4]

On occasions the court has failed to note the distinctions developed by the cases and has taken the doctrine of strict compliance developed in those cases involving the timeliness and manner of service of the notice and applied it to situations involving descriptions in the notice of the place and circumstances of the loss or injury. Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879 (1904). In Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129 (1910), we said that the Olcott decision is to be limited to its facts and not extended. Nonetheless, in Hampton v. City of Duluth, 140 Minn. 303, 168 N. W. 20 (1918), the court held that an error of 25 feet in locating the place of the accident was fatally defective, citing Olcott v. City of St. Paul, *supra,* as the controlling case. In view of the conflict in our past decisions on this question, it is readily understandable that the trial court arrived at the decision it did.

This court has generally followed a practice of distinguishing cases according to the specific element involved. We now hold that, except for the elements of timeliness or manner of service, substantial compliance with the provisions of § 466.05 is all that

---

[4] Russell v. City of Minneapolis, 259 Minn. 355, 107 N. W. 2d 711 (1961); Brittain v. City of Minneapolis, *supra*; Larson v. City of Mankato, 239 Minn. 484, 59 N. W. 2d 312 (1953); Niemi v. Village of Hibbing, 175 Minn. 366, 221 N. W. 241 (1928); Moran v. Village of Hibbing, 173 Minn. 458, 217 N. W. 495 (1928); McClain v. City of Duluth, 163 Minn. 198, 203 N. W. 776 (1925); Weber v. City of Minneapolis, 132 Minn. 170, 156 N. W. 287 (1916); O'Brien v. City of St. Paul, 116 Minn. 249, 133 N. W. 981 (1911); Larkin v. City of Minneapolis, 112 Minn. 311, 127 N. W. 1129 (1910); Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449 (1910); Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868 (1899); Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350 (1889).

is required. The test to be applied is one of reasonableness. To the extent that any of our prior decisions are inconsistent with the standard and test herein enunciated, they are overruled.[5]

Having adopted the standard and test to be followed, we must now apply them to the facts of this case.

There has been no claim in this case that the notice was not timely or adequately served. However, the city claims that it would be substantially prejudiced and burdened because of the alleged deficiency as to the description of the place of the accident. In these times of modern communication, it is rather difficult to accept the position asserted by the city, since the alleged prejudice could probably have been alleviated by a simple telephone call to the claimant's attorney, nor can it be legitimately argued that such actions on the part of the city would amour to assistance to the claimant. Rather, it is the opinion of this court that if a notice conforms to the strict requirements of timeliness and manner of service, considerable liberality should be used in construing the balance of the notice. Furthermore, there is no legislative history that would lead us to adopt a harsh interpretation requiring strict compliance with all of the requirements of the statute. Also, as we observed in Kandelin v. City of Ely, *supra*, the purpose of the notice is to allow the city to commence investigation to determine the merit of the claim. Investigation requires some positive acts on the part of the city. In a case such as we have here, it does not seem burdensome or prejudicial to the city to require a proper city official or employee to check the area delineated in the notice or, if he is in doubt as to the particular area described, to make inquiry of the claimant or claimant's representative.

Furthermore, nowhere in the history of this section does it appear that it was intended that a person should have to be a highly skilled draftsman to prepare a proper notice of claim. Larkin v. City of Minneapolis, *supra*. Anyone should be able to

---

[5] For example, Olcott v. City of St. Paul, 91 Minn. 207, 97 N. W. 879 (1904); Hampton v. City of Duluth, 140 Minn. 303, 168 N. W. 20 (1918).

protect his interests by serving a notice of claim upon the proper municipal official within the time allowed. Nothing more should be required than that it give notice of the claim reasonably sufficient to alert the municipality to the alleged incident and allow it to initiate investigative procedures to more adequately determine the nature and validity of the claim.

It is fairly obvious that no general or specific rules can be prescribed which will apply to each and every case. The determination of the sufficiency of the notice is for the trial court as a jurisdictional matter to be disposed of before the commencement of trial. Under the standards herein adopted, the notice in this case would be sufficient.

Reversed and remanded.