CITY OF WYANDOTTE v. HARRIET C. WHITE.

13 191
56 439

1. INSTRUCTIONS; *Facts of Case.* To determine whether an instruction be erroneous it must be considered in reference to the facts in the case, as well as in relation to the other instructions.

2. ———— *Contributory Negligence.* In an action for damages for personal injuries in which the question of contributory negligence is presented, it is not error to give an instruction that the plaintiff's right to recover is not affected by her having contributed to the injury, unless she was at fault in so doing.

3. VERDICT; *Particular Question; Issue.* While under the laws of 1870 it is the duty of the court, at the request of either party, to instruct the jury

in case they returned a general verdict to find upon particular questions of fact, the court should submit only such questions as bear upon facts material to the issues, and whose answers may in some way control or affect the general verdict.

4. ——— No question need be submitted at the request of one party that has been already submitted at the instance of the other.

5. NEGLIGENCE OF CITY; *Damages for Personal Injury; Presenting Claim to City Council.* Where a party having sustained a personal injury for which he claims that a city is liable, presents his bill therefor to the city council for allowance, which is by such council disallowed, he may thereafter sue for and recover all the damages sustained, though such damages exceed the amount claimed in the bill, and on such judgment recover costs.

### Error from Wyandotte District Court.

MRS. WHITE brought her action against *The City of Wyandotte* for personal injuries sustained by reason of a fall occasioned by defects in a bridge over which she was passing, said bridge being a portion of Third street, and a public highway in the city of Wyandotte. Trial at the December Term 1872 of the district court. The third instruction to the jury at plaintiff's request was as follows:

"3d.—The plaintiff's right to recover is not affected by her. having contributed to her injuries unless she was in fault in so doing."

Verdict and judgment for plaintiff, and *The City* brings the case here on error.

*W. J. Buchan,* for plaintiff in error:

1. The 3d instruction asked by plaintiff below, and given by the court, is too sweeping in its language, and was calculated to mislead the jury. Municipal corporations are not insurers against accidents upon their highways; nor are they responsible for every misfortune that may befall travelers thereon; neither is every defect in their streets and sidewalks actionable, though it may have contributed to the injury, if some other circumstance was the immediate cause. Had the horse that frightened Mrs. White, and caused her to turn suddenly round, ran over her, and she been injured thereby, although she was not in fault, it would hardly have been

contended that the city was liable. Yet the impression likely · to be drawn from the 3d instruction as given by the court below is, that unless Mrs. White was in fault herself, that the city is liable for any injury she may have received while upon the streets of the city, no matter by what means she is injured. There was no testimony going to show that that portion of the bridge where the injury is alleged to have been received was so defective as to be dangerous for persons using ordinary care.

2. The court erred in refusing to submit to the jury particular questions of fact at the request of the defendant. The court in this respect has no discretion; the statute is mandatory; (Laws of 1870, p. 173, § 7;) and the refusal by the court to direct such special finding of facts prevented a verdict upon material issues in the case. Had the jury found that there was no defect in the Third-street bridge at or near the place of the alleged accident, how could a general verdict for the plaintiff consistently have been found? and if found, how could it be maintained, (being clearly against the weight of evidence?) At all events, as the testimony was so conflicting, it was an important fact in the cause, and should have been presented to the jury. It will hardly be disputed that, whether or not a defect existed at a particular time and place, and what is a sufficient defect to make defendant liable, are questions of fact to be submitted to the jury.

3. The court should have set aside the verdict on the ground that the special finding of facts was inconsistent and in conflict with the general verdict. In answer to the 4th interrogatory of defendant, the jury found the fact that the plaintiff was not in the exercise of ordinary care at the time of the accident. Hence, she could not recover. Their answer finds no circumstance to take this case out of the rule of the want of ordinary care on the part of the plaintiff.

*Scroggs & Bartlett,* for defendant in error:

1. The 3d instruction asked by plaintiff below and given by the court to the jury, on the subject of contributory neg-

ligence, was not erroneous. *Pacific Rld. Co. v. Houts,* 12 Kas., 328; *Atchison v. King,* 9 Kas., 551, 559; *Weisenberg v. Appleton,* 26 Wis., 56; *Kline v. Central Pacific Rld. Co.,* 37 Cal., 400.

2. The court in its discretion submitted the questions of fact, which were pertinent *issues in the case,* and proper questions to be answered by the jury. The court properly refused to submit the first three special findings of fact (so-called,) for the reason that they were not nor could they by any possibility become "issues in the case," as required by the Laws of 1870, p. 173. They were no more pertinent to the "issues in the case" than inquiries concerning the habits of the man in the moon.

The opinion of the court was delivered by

BREWER, J.: This was an action for damages for personal injuries. The facts as claimed are that defendant in error crossing Third street bridge in the city of Wyandotte was startled by a runaway horse, and stepping quickly one side to avoid him slipped her foot into a hole in the bridge, was thus thrown down, and injured. The jury found for the defendant in error, and assessed her damages at $1,200.

The first error complained of is the giving of this instruction asked for by plaintiff: "The plaintiff's right to recover is not affected by her having contributed to her injuries, un-

1. Instructions; facts of case. less she was in fault in so doing." Counsel claims that this language is too sweeping; that the city is not an insurer against injuries upon its highways, nor responsible for every misfortune that may befall travelers thereon; and that under this instruction the jury might properly have considered the city liable for any injury Mrs. White sustained while upon its streets, no matter by what means it occurred. We do not think this criticism well founded. Every instruction must be considered in reference to the facts of the case, as well as in relation to the other instructions. Now, that Mrs. White received injuries by a fall upon the bridge, is undisputed, she testifying to the fact and

no one contradicting her.   As defenses, it would seem from
the testimony offered, and instructions asked, that the city
claimed that all the injuries from which she was suffering
were not caused by this fall; that there was no defect in the
bridge, and that the fall was a mere accident; that if any de-
fect existed the city had had no notice of it, and had taken
all reasonable precautions to keep the bridge in good repair;
and also, that the negligence of Mrs. White contributed di-
rectly to the injury.   The jury found specifically in answer
to certain questions that Mrs. White was injured by a fall
caused by a defect in the bridge, and that she was at the time
acting in a careful and prudent manner.   Even if this in-
struction were too sweeping, as claimed, it would seem that
any error in it was avoided by these answers.   But the in-

2. Contributory    struction only refers to the matter of contributory
  negligence.    negligence.   It does not pretend to declare what
constituted the plaintiff's right to recover, or what facts must
exist to create it.   It simply declared that her right to re-
cover, upon whatsoever facts such right was based, was not
affected by the fact that her own conduct contributed to the
injury, unless some fault could be imputed to such conduct.
If she was guilty of no negligence, her acts contributing to
the injury did not destroy her right to recover.   In other
words, a party injured need not be a passive recipient of the
injury in order to establish a right to recover of the wrong-
doer for the injury.

Another alleged error is the refusal of the court to submit
to the jury three questions of fact presented by the defendant.

3. Verdict;     At the instance of the plaintiff, eight questions
 submitting   were submitted, and at the instance of the de-
 particular
 questions.    fendant four.   Those refused were as follows:

"1st.–Was the plaintiff injured, if at all, twenty steps
from the north end of the bridge and about four or five feet
from the east side thereof?

"2d.–Was there any defect in the Third-street bridge
twenty steps from the north end, or thereabouts, showing
carelessness or negligence on the part of defendant?

"3d.—Was the plaintiff frightened at the time the accident complained of happened?"

Since 1870 it is the duty of the court, at the request of either party, to instruct the jury, if they return a general verdict, to find upon particular questions of fact, to be stated in writing, and direct a written finding thereon. (Laws 1870, p. 173, § 7.) But it does not follow from this that it is the duty of the court to submit to the jury every question that may be presented, and compel a finding on it. That, in some cases, and with some attorneys, would cumber the record with a fearful mass of useless stuff. Only those questions need be be presented that bear upon facts material to the issues, and whose answers may in some way control or affect a general verdict. It is useless to compel a jury to answer a question whose answer, whatever it may be, can have no bearing upon the general verdict. So also is it useless to submit a question at the instance of one party which has already been submitted at the instance of the other. In this case the jury were asked, at the instance of the plaintiff, this question: "Was the plaintiff materially injured by falling on Third-street bridge in the city of Wyandotte by reason of defect in said bridge on or about the 5th of August, 1871?" and answered "Yes." They also answered in reply to plaintiff's question that the bridge was defective or unsafe at the time, and that the defect had existed long enough for notice thereof to the city. The only point in which the questions of defendant differed from those of plaintiff was that in the former the inquiry was limited to a single spot on the bridge, while in the latter it extended to the bridge as a whole. If the jury having received the excluded questions had answered them in the affirmative, of course there would be no pretense of conflict; if in the negative, nothing to disturb the general verdict, for if the plaintiff was injured by a defect in the bridge, it mattered nothing that such injury and defect were not at a particular spot thereon. It is true the plaintiff in her testimony located the place of injury at the spot indicated by defendant's questions; but there was testimony tending to show the exist-

ence of defects elsewhere, and a party might easily be mistaken as to the exact point on the bridge at which an injury happened, while perfectly clear that such an injury did happen. So that there would be no such conflict between the testimony and the answers, and general verdict, as would compel the granting of a new trial, and no such conflict between the answers and the verdict as would in any way disturb the latter. Whether the plaintiff was frightened or no, could not affect the verdict in her favor. We think therefore the substantial rights of the city were not injured by the refusal to submit these questions.

Plaintiff in error claims that no judgment for costs should have been rendered against the city, because no bill duly 4. Presenting bill to city council for damages. verified had been presented to the city council for allowance before suit was brought. The petition alleges, and in answer to one of the defendant's questions the jury find, that such a bill was presented. It is true the bill presented was for only $600, while the amount sued for was $10,000, and the verdict and judgment $1,200. But if the city council fail to allow the amount claimed in the bill presented, we know of nothing to prevent the claimant suing for and recovering all the damages sustained.

While the testimony was conflicting, there was enough to sustain the verdict. The judgment will be affirmed.

All the Justices concurring.