## THE CITY OF SALINA v. EDITH B. KERR.

### No. 278.

1. PRACTICE.—*Demurrer Overruled, When.* A demurrer to the evidence should never be sustained where there is substantial evidence to sustain every material allegation of the plaintiff's claim.

2. EVIDENCE—*Defective Sidewalk—Lapse of Time.* Evidence that a visible defect has existed in a sidewalk of a principal street of a city for several months is sufficient to warrant a jury in finding the city negligent in relation thereto.

3. CLAIM FOR DAMAGES—*Presentment to City Council—Contents.* In presenting a bill to a city council for damages occasioned by injuries received on account of a defect in a sidewalk, it is not necessary, to enable the claimant to recover costs in a subsequent action therefor, that such claim specify the various elements of damage; nor is such claimant limited in a subsequent action therefor against the city to the amount of such damage so presented in his claim to the city council.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed March 5, 1898. Modified.

*Wilson & Wilson*, for plaintiff in error.

*Z. C. Millikin*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J.: The assignments of error are as follows: (1) In overruling the defendant's demurrer to the plaintiff's evidence; (2) in overruling defendant's motion for a new trial; (3) in rendering judgment against the defentant for $800.

The demurrer was properly overruled.. There was evidence in support of every material allegation of the plaintiff's petition sufficient to make a *prima facie* case.

1. Demurrer properly overruled.
The contention is that there was no evidence showing negligence on the part of the city. It is true that the evidence does not disclose any actual notice given to the city or any of its officers of the defect in this particular walk; but it

was such a visible defect that the city officers were bound to take notice of it, and it had existed a suffi-

2. Negligence shown by visible defect.

cient length of time to warrant the jury in finding that the city officers ought to have known it and ought to have made the necessary repairs.

The third contention is that the judgment is excessive, under the allegations of the petition. The petition is sufficient to warrant a recovery of a much greater sum than was awarded by the jury. Its allegations are full and complete to the effect that the plaintiff was subjected to serious injury, suffered continuous pain for many months, and that the disability is a permanent one, although it is true that in particularizing the damage, after reciting the loss of time, the employment of nurse, expenditures for medicine, and medical attendance, it alleges that the defendant in error was otherwise greatly damaged, and that her total damage by reason of all the facts is in the sum of $2610.

The real contention of counsel seems to be that, because of this last allegation, " otherwise greatly damaged," not being sufficiently specific and certain as to what injuries were meant, the plaintiff must be restricted to those items specifically characterized, as, loss of time, nurse, medical treatment, and that the jury was not warranted, by reason thereof, in awarding her any damages on account of her physical suf-

3. Elements of damage not in bill; recovery larger than bill claimed.

fering or the permanent character of her injuries. It is apparent that this was intended to cover damages occasioned to her by reason of her physical pain and the permanence of her physical injury, and that a verdict was fully warranted by the allegations of the petition.

Under this assignment, counsel seem to claim, in their

argument in the brief, that the plaintiff should be confined in her recovery to the claim presented by her to the city council, which was by it rejected. This is not the law. A contrary rule is laid down in the case of *City of Wyandotte v. White*, 13 Kan. 191.

The plaintiff in error has no ground of complaint. All of the rulings of the court throughout the trial were as favorable to it as counsel could rightfully ask.

Defendant in error files a cross-petition in error and assigns that the court erred in refusing to award to her a judgment for costs upon the verdict, upon the ground, apparently, that paragraph 826 of the General Statutes of 1889 (Gen. Stat. 1897, ch. 37, § 67), relating to cities of the second class, was not complied with by the plaintiff, in that she did not present to the city council a claim for the damage sued for in this action before bringing her suit. That there was a claim presented is not controverted; but the contention seems to have been and to be now that the claim presented was not sufficiently definite to comply with the statute and that the account was not itemized as provided in the section above referred to. This section is a part of article 3 of the act in relation to cities of the second class, defining the powers of the council. It provides that all claims against the city must be presented in writing, with a full account of the items constituting such claim, and must be verified by the oath of the claimant or his agent to the effect that the same is correct, reasonable, and just, and further provides that the city council shall not allow any claim or demand unless presented and verified as provided for in the section.

There is a proviso at the end of this section to the effect that no costs shall be recovered against a city in an action brought against it on any unliquidated

claim which has not been presented to the city council to be audited, nor upon claims allowed in part, unless the recovery shall be for a greater sum than the amount allowed, with the interest due. The evident purpose of this proviso is that the city may have an opportunity to adjust all claims without additional costs.

In this case the claim presented to the council does not itemize the different elements of damage which the plaintiff would be entitled to recover as they were itemized in her petition. But the claim itself recites that it is for personal injuries received by her by being thrown down upon the sidewalk, describing the particular place and the particular occasion or cause of the injury and the manner in which it occurred. This claim was prepared by the city clerk, who went to the house of the plaintiff and procured her signature thereto and administered the oath as a notary public. It sufficiently specifies what the claim is. It gave the city council an opportunity to liquidate the damages and to adjust the claim without cost.

When the council was called upon and requested to act in the matter, it was not claimed by it that the claim was not sufficiently definite or specific in its character. A committee was appointed to investigate the claim, and reported adversely to its allowance. The council, notwithstanding the urgent request of the plaintiff, refused to give the claim any consideration whatever, but by motion laid it upon the table.

We are of the opinion that the plaintiff complied with the statute and was entitled to recover costs in the case, and that the district court erred in not awarding her judgment therefor. We are supported in this view by the case of *City of Wyandotte v. White*, supra. In that case there was a judgment for costs,

and that was the basis of an assignment of error. The court, speaking by BREWER, J., says:

"Where a party having sustained a personal injury for which he claims that a city is liable presents his bill therefor to the city council for allowance, which is by such council disallowed, he may thereafter sue for and recover all the damages sustained though such damages exceed the amount claimed in the bill, and on such judgment recover costs."

The judgment will be modified so as to award the plaintiff her costs against the defendant, and so modified it will be affirmed.