MARGARET COMERY *vs.* J. ELLIS WHITE, *City Treas., et al.*

FEBRUARY 7, 1917.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Municipal Corporations. Notice.*

Where a notice of personal injury given to a municipal corporation under Gen. Laws, cap. 46, § 16, gave with substantial accuracy, the place of the injury, as of the time when the same occurred, a plaintiff is not to be deprived of his action by reason of the fact that repairs had been subsequently made, as to which he had no knowledge or notice.

*(2) Municipal Corporations. Notice. "About Opposite."*

In a notice of personal injury given to a municipal corporation under Gen. Laws, 1909, cap. 46, § 16, the words "at a point about opposite the office of the X Co.," in their natural significance would indicate a place on the opposite side of the street from the office of the X Co.

*(3) Municipal Corporations. Notice. Reasonable Accuracy.*

Where an accident occurred near the middle of an eleven-foot driveway, a notice of personal injury given to a municipal corporation under Gen. Laws, 1909, cap. 46, § 16, stating the place of the accident as "about 90 yards from B street and *about* 60 yards from R street," is reasonably sufficient, notwithstanding the fact that it appeared from a plat that the *exact* distances of 90 yards from B street and 60 yards from R street did not meet, and that neither of these exact measurements came within the limits of the driveway, where it appeared that the agent of the city who investigated the accident found that "about 90 yards from B street" brought him to the centre of the driveway, and "about 60 yards from R street" brought him to a point only about ten feet south from the centre of the driveway.

*(4) Municipal Corporations. Notice. Damages.*

In an action against a municipal corporation for personal injuries arising out of a defect in a highway, a plaintiff is not limited in his recovery to the amount demanded by him in the notice of claim under Gen. Laws, 1909, cap. 46, § 16.

TRESPASS ON THE CASE under Gen. Laws, 1909, cap. 46, § 16. Heard on exceptions of defendant and overruled.

PARKHURST, J. This is an action of trespass on the case for negligence brought by the plaintiff against the city treasurer of the city of Pawtucket under the provisions of Sections 15-16, Chapter 46, of the General Laws of Rhode Island (1909) for the recovery of damages for bodily injuries alleged to have been suffered by the plaintiff by reason of a defect or want of repair in a public highway known as Mason Street in said city of Pawtucket.

It appears in the evidence that on August 5, 1915, at about 7:45 P. M., the plaintiff was walking in a southerly direction on the easterly sidewalk of Mason Street, and that at a point in the sidewalk where a driveway crosses it leading from the street in an easterly direction into certain property owned by the Benjamin F. Smith Company, and occupied by the Pawtucket Sash and Blind Company, the plaintiff stepped into a hole or depression in said sidewalk caused by the breaking and wearing away of certain concrete, and that thereupon, by reason of stepping into said hole or depression, she was thrown to the ground and was severely injured; that her ankle was sprained, her knee was cut and bruised, and that she suffered great pain at the time, so that she was unable to get to her feet without assistance and was unable to be moved for some time; that cushions were placed beneath her, and that her sprained ankle was bandaged while she still remained upon the ground; that she was finally assisted to her feet, and was carried in an automobile to her home, a short distance away on the same street, where she says she was obliged to crawl upstairs on her hands and knees; and that thereafter she suffered great pain, and was confined to her home most of the time for several weeks; and that, although her ankle and knee

recovered from the injury, she suffered shortly after the accident great pain across her abdomen, and in her spine from the lower end thereof to her head and over her head to her eyes; and that the pains in her abdomen, spine and head have persisted, and have disabled her from walking or doing work of any consequence in her household or any work in her business as a renovator of hats, which she had been carrying on for upwards of two years prior to the accident.

The statute law applicable to this case is found in Gen. Laws of R. I., 1909, Chap. 46, §§ 15-16, and is as follows:

" Sec. 15. If any person shall receive or suffer bodily injury or damage to his property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their teams, carts and carriages, which injury or damage might have been prevented by reasonable care and diligence on the part of such town, he may recover, in the manner hereinafter provided, of such town the amount of damages sustained thereby, if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part.

" Sec. 16. A person so injured or damaged shall, within sixty days thereafter, give to the town by law obliged to keep such highway, causeway, or bridge in repair, notice of the time, place, and cause of such injury or damage; and if the said town shall not make just and due satisfaction therefor, within the time prescribed by section twelve of this chapter, he shall, within one year after the date of such injury or damage, commence his action against the town treasurer for the recovery of the same, and not thereafter."

It appears that pursuant to the provisions of Section

16, the plaintiff, within sixty days after the injury, on the 29th day of September, 1915, presented to the city council of the city of Pawtucket a " notice of the time, place, and cause of such injury or damage," as follows:

" PAWTUCKET, R. I., September 29, 1915.
" To the city council of the city of Pawtucket in the County of Providence and the State of Rhode Island:

" GENTLEMEN: In accordance with the provisions in Chapter 46 of the General Laws of 1909 and amendments thereto, you are hereby notified that Margaret Comery of said Pawtucket presents a claim against said city of Pawtucket for injuries to her person, to wit: bodily and internal injuries, which occurred on the fifth day of August, 1915, by reason of a defect, or want of repairs in a certain highway known as Mason Street in the city of Pawtucket aforesaid, at a point about opposite the office of the Benjamin F. Smith Company in said city of Pawtucket. The said Margaret Comery alleges that while she was walking along on said Mason Street or public highway, in said city of Pawtucket, at a point about opposite the office of the Benjamin F. Smith Company on the fifth day of August, 1915, and when she was at a point on said Mason Street about 90 yards from Beaty Street coming toward Railroad and about 60 yards from Railroad Avenue going toward Beaty Street, at about 7:45 P. M. on the date aforesaid, she by reason of a defect in said highway lost her footing, tripped and fell to the ground and was severely injured. Said defect consisted of a hole, depression or gully in said sidewalk on said Mason Street at a point aforesaid about six inches deep, which said defect has existed for a long time previous to the aforesaid date, but of the existence of which said Margaret Comery had no knowledge.

"And at the happening of the aforesaid accident the said Margaret Comery was in the exercise of due care. And as a result of said accident said Margaret Comery was severely injured, to the damage of said Margaret Comery to the amount of two thousand dollars.

" Respectfully submitted,

" MARGARET COMERY.

." By her attorney, John W. Daniels."

It further appears in the evidence that this claim was duly filed in the office of the city clerk, was presented to the Board of Aldermen and referred to the committee on claims; that no satisfaction thereof was ever made, and that the suit was commenced within one year after the date of the injury.

At the close of all the testimony counsel for defendant moved the trial judge to direct a verdict for the defendant on the ground that the above notice was defective; this motion was denied by the judge, and defendant's exception was duly noted; and this denial forms the basis of defendant's first exception.

The case was then submitted to the jury under a charge to which only one exception was taken, and the jury returned a verdict for the plaintiff in the sum of $2,200. Counsel for defendant requested the judge to charge the jury, " that the plaintiff is limited to the recovery of the amount named in the claim filed by her " and the refusal to charge as so requested is the basis of defendant's second exception. Thereafter the defendant in due time filed a motion for a new trial on the usual grounds that the verdict is against the law, the evidence, and the weight of the evidence, and that the damages assessed are excessive; this motion was heard and denied; and this denial is the basis of the defendant's third exception.

In due time the defendant prosecuted his exceptions

according to law, and the case is now before this court upon the exceptions above set forth.

The first question is as to whether the notice of claim for damages as above set forth is defective. As above quoted the statute (Section 16) requires " notice of the time, place and cause of such injury or damage." No contention is made that the " time " and " cause " of the injury are not fully set forth, or that the notice was not presented to the city council in due time; the defendant contends that the notice is confusing as to the " place " of the injury, and that it did not give to the city council such information as to enable the city authorities to find the place of the injury so that they might investigate the claim.

It appears in evidence that the place where the plaintiff fell and was injured was on the easterly sidewalk of Mason Street about in the middle of a driveway crossing the sidewalk, and leading into the premises leased by the Pawtucket Sash and Blind Company; that this driveway was about eleven feet wide, and was about opposite the office of the Benjamin F. Smith Company, which was located in a building on the westerly side of Mason Street, from the windows of which this driveway was in plain sight; that immediately after the plaintiff fell two employees of the Pawtucket Sash and Blind Company, to wit, the day engineer and the night fireman, saw her on the ground about the middle of the driveway and went to her, placed cushions under her and rendered her such assistance as they could, and that she was well known to the engineer, who saw her passing there daily and was a near neighbor, living in the next house to her; that there was also a policeman of the city who was there and saw her at that time. It also appears that notice of the accident came through the report of a policeman on the next day to Mr. Ralph S. Potter, the Treasurer of the Pawtucket Sash and Blind Company, and that his office was

located on the west side of Mason Street, in a building next northerly of the office of the Benjamin F. Smith Company; that thereupon Mr. Potter ordered the place of the accident, where there was a worn spot with a depression, as he said, about two inches in depth, to be repaired, and it was repaired about the 14th of September, following the accident; that it was repaired with tar concrete. Another witness testified that this hole or depression was about eighteen inches square; another that it was about a foot one way and fifteen or twenty inches the other way, and there was other evidence to the effect that it was more than two inches in depth.

It further appears that the driveway was originally made of tar concrete; that it had become worn and broken from time to time by the frequent passage of horses with heavy teams from the street into the premises of the Pawtucket Sash and Blind Company, and had previously been repaired by the use of Portland cement concrete which showed a light color where the repairs were, and that some of the white spots still showed after the repair with tar concrete, which was made on the 14th of September. It also appears that this defect or want of repair in this driveway had been in existence for a long time prior to the accident. It also appears that Mr. Charles H. Potter, bookkeeper for the Benjamin F. Smith Company, occupied the office of that company " about opposite " this driveway; he testifies that it was in plain sight from the office window where he sat at his desk; that it was broken from the constant passage of horses and heavy trucks loaded with lumber, and was in bad condition and had been so for a number of years; and that he was notified of the accident to the plaintiff on the day after it occurred.

It further appears that the defendant's counsel after receiving the notice of claim above referred to showed it to Mr. Joseph Wood, the Assistant Commissioner of

Public Works of the City of Pawtucket; that Mr. Wood, who is a civil engineer, took brief notes of the paper, and in the early part of October, 1915, went to Mason Street to look for the place of the accident. Mr. Wood in effect testifies that he went first to the street in front of the office of the Benjamin F. Smith Company; that he found no defect in the sidewalk in front of that office, and that then he went across the street to the east sidewalk and found no defects there; and that he reported to defendant's counsel, the City Solicitor of Pawtucket, that the street was in perfect condition. It thus appears that the notice in fact did lead the commissioner to a place " about opposite the office of the Benjamin F. Smith Company " on the east sidewalk, and that he examined that sidewalk and found no defect there. It also appears from Mr. Wood's testimony that from measurements taken by him at the office of the City Engineer upon a plat of Mason Street there on file, he found that the distance given in the notice " at a point on said Mason Street about 90 yards from Beatty Street coming toward Railroad Avenue," brought him to a point " right in the center of the driveway," (which the evidence shows to have been the place of the accident) and that the distance given as " about 60 yards from Railroad Avenue going toward Beatty Street " brought him to a point " about ten feet south of the center of the driveway; " so that it is apparent that, by following the language of the notice, Mr. Wood was brought to a point at or within ten feet of the place of the accident. The reason that he did not find the exact place of the accident was due not to the uncertainty of the language of the notice but to the fact that the hole in the sidewalk had been filled up with concrete on or about the 14th of September; but this was done without the knowledge of the plaintiff and when, as the evidence shows, she was unable to be out or unable to walk except with great pain; Mr. Wood further testi-

fies that he made no inquiries from anyone about the accident. It is also to be noted that the evidence shows that the place of the injury had been patched or filled at one time with Portland cement concrete which was later broken by wear; and that at the last repair tar concrete was used, and that the place of repair still showed light or white spots of the Portland cement, which might have attracted the attention of one seeking information to the fact that a repair or repairs had been made in the middle of the driveway; but it does not appear that Mr. Wood took any note of this. It does not appear that he found any defects or want of repair at any other point on Mason Street, on either sidewalk.

In the case of *Maloney* v. *Cook,* 21 R. I. 471, where this court found that such notice of injury as was given in that case was insufficient for uncertainty both as to the location of the place of injury, and as to the cause of the injury, the court said, page 475: " We do not wish to be understood by what we have said, as holding that a notice given under the statute ought to be construed with technical strictness; but that it is sufficient if it gives to the officers of the town or city ' information with substantial certainty as to the time and place of the injury, and as to the character and nature of the defect which caused it, so as to aid them in investigating the question of liability of the town.' " (Citing cases.) See also *Perry* v. *Sheldon,* 30 R. I. 426, 432-434; *Foxwell* v. *Sullivan,* 34 R. I. 538, 541.

(2) It is argued that the words " about opposite the office of the Benjamin F. Smith Company " are ambiguous in that they do not show whether the injury was caused by a defect in the west sidewalk in front of the office of the Smith Company, or in the east sidewalk on the opposite side of the street. We are of the opinion that the natural significance of the words " about opposite " is that the place indicated was the sidewalk on the opposite side

of the street; (the word '' sidewalk '' appears in the next paragraph); and in fact the evidence shows that this language did lead the investigator to examine the sidewalk opposite the Smith Company's office at a point about ninety yards southerly from Beatty Street, which brought him to the center of the driveway as he admits; if the hole or depression had not been filled and repaired in the meantime the place of the accident must have been perfectly obvious to the investigator as it had been theretofore to several witnesses who were examined as to its condition at and long prior to August 5, 1915, when the injury occurred, and prior to September 14, 1915, when the repair was made. It thus appears that the notice did give with substantial accuracy the place of the injury as of the time when the same occurred, and we are of the opinion that the plaintiff is not to be deprived of her action by reason of the fact that repairs had been subsequently made as to which she had no knowledge or notice. (As to the natural meaning of the word '' opposite,'' as distinguished from the words '' in front of,'' see *City of Dallas* v. *Myers,* 64 S. W. (Tex.) 683.)

In *City of Lincoln* v. *O'Brien,* 56 Neb. 761, where it was contended that the notice of the place of injury was insufficient in that it stated the place of the injury as '' on the north side of Q between Eighteenth and Twentieth Streets, in said city, and stepped into a hole in said sidewalk, which was in a bad state of repair,'' because it located the place as somewhere in the space of two city blocks, and that was too indefinite, the court, upon a review of authorities and of evidence, held the notice to be sufficient; after stating the purpose of such statutes requiring notice, the court said, p. 771: . . . '' it is clear that the statute requires a reasonably certain description of the place — such a description as, from its terms and from inquiries suggested thereby, will permit the officers of the city to identify the place. On the other

hand, no case here or elsewhere has required that such a notice describe the place with technical accuracy. As one court has said, it was never contemplated that one who has been injured must employ a surveyor to fix the precise spot where the injury occurred. In examining the rather numerous cases on the subject certain principles will be found to run through all. One is that it is sufficient, as above stated, if the place be so described that from that description it can be identified with reasonable diligence. Another is that the sufficiency of the notice is not to be determined from its terms alone, but in the light of extraneous evidence of the situation and surroundings.''

Many other cases from other jurisdictions have been cited, showing the liberality with which such statutes have been applied in cases where it appears that reasonable notice has been given. It would be futile to review them, as in no case are the circumstances sufficiently similar to those in the case at bar to give much aid in this decision; they only support in a general way the doctrine already set forth in our own cases of *Perry* v. *Sheldon* and *Foxwell* v. *Sullivan, supra.*

(3)    The fact that the city engineer, called by the defendant, introduced a plat, made some nine months after the accident, on which it appears that the *exact* distances of ninety yards from Beatty Street and sixty yards from Railroad Avenue do not meet, and that neither of these exact measurements comes within the limits of the eleven foot driveway, near the middle of which the injury occurred, and where the defect is shown to have existed at the time of the injury, has not much bearing upon the case, in view of the fact that these distances are given in the notice as '' *about* 90 yards '' and '' *about* 60 yards '' ; that the commissioner who investigated found that '' about 90 yards '' from Beatty Street brought him to the center of the driveway, and '' about 60 yards ''

from Railroad Avenue brought him to a point only about ten feet south from the center of the driveway.

We are of the opinion that the notice as to the place of the accident was reasonably sufficient. The defendant's first exception is therefore overruled.

The defendant's second exception is based upon the trial judge's refusal to charge the jury "that the plaintiff is limited to the recovery of the amount named in the claim filed by her." The amount of damages stated in the notice was $2,000. Damages were laid in the writ and declaration at $10,000. The defendant claims that plaintiff could not recover in excess of the amount of $2,000 claimed in the notice; but no authorities are cited in support of this contention. It is clear that where a claim against a town or city is for unliquidated damages under Chap. 46, Gen. Laws, 1909, § 12, it is not necessary that any amount should be stated. *Burdick* v. *Richmond,* 16 R. I. 502. There is no requirement in the statute quoted above (Chap. 46, § 16) that the amount of damage claimed be stated; and it has been held that Section 16 relates only to causes of action referred to in Section 15. *Hathaway* v. *Osborne,* 25 R. I. 249, 252.

We find that the weight of authority is against this contention of the defendant. With the exception of some cases in Iowa, such cases as have come to our attention hold that " the amount of plaintiff's recovery is not limited to the amount demanded by him in the notice or presentment of his claim; but he may recover all damages sustained, although they exceed such amount." 28 Cyc. 1530f; *City of Wyandotte* v. *White,* 13 Kan. 191, 197; *Salina* v. *Kerr,* 7 Kan. App. 223. Even where the Minnesota statute required that the amount of compensation demanded be stated in the notice, and the plaintiff had in her notice claimed the sum of $500 as compensation for her injuries, it was held that she was not limited to that amount in her suit and that she could recover more.

*Terryll* v. *Faribault,* 84 Minn. 341.   To the same effect in
New Hampshire, see *Noble* v. *Portsmouth,* 67 N. H. 183.
See, also, *Reed* v. *New York,* 97 N. Y. 620; *Born* v. *Spo-
kane,* 27 Wash. 719.   In *Marsh* v. *Benton County,* 75
Iowa, 469, the statute of Iowa was construed, and it was
held that in making claim for an unliquidated demand it
was necessary to claim a definite amount; and that such
a claim for $500 having been made, and suit brought
thereon, it was error thereafter for the trial court to allow
an amended petition setting forth permanent injuries
and claiming $1,500 and to allow recovery in excess of the
original sum of $500 demanded in the notice, on the
ground that no notice of any such claim for permanent
injury had ever been given to the board of supervisors
of the county.   This case was referred to in *Terryll* v.
*Faribault, supra,* and expressly disapproved.   See, also,
*Van Camp* v. *City of Keokuk,* 130 Iowa, 716; *Buchmeier*
v. *City of Davenport,* 138 Iowa, 623.   Our statute (Chap-
ter 46 above referred to in Section 17) limits the amount
of recovery in cases of this kind to $4,000.

We find both that the weight of authority and the bet-
ter reason support the ruling of the trial judge in his
refusal to charge the jury as requested by defendant's
counsel, and therefore defendant's second exception is
overruled.

As to the defendant's third exception to the decision of
the trial judge in denying the defendant's motion for a
new trial on the grounds stated above, we find no error.
There was ample evidence from which the jury was en-
titled to believe and to find that the plaintiff was, without
negligence on her part, severely injured, and that she had
suffered great pain and disability in the past, and would
continue to suffer great pain and disability in the future,
and that the defendant was guilty of negligence in so
long permitting the defect and want of repair to con-
tinue in the sidewalk, by reason of which plaintiff's fall

and consequent injury was caused. In view of all the evidence this court is unable to say that the verdict was not fully warranted both as to the liability of the defendant and as to the amount of damages assessed. The defendant's third exception is overruled.

The case is remitted to the Superior Court sitting in the county of Providence, with direction to enter its judgment for the plaintiff upon the verdict.

*Peter J. Quinn, Alfred H. Lake,* for plaintiff.
*E. W. Blodgett, City Solicitor,* for defendant.